## Citizens Bank, a Corporation, v. Rand.

*Promissory note — Stock subscription—Valuable consideration—Affidavit of defence—Act of May 16, 1901.*

1. Under the Negotiable Instruments Act of May 16, 1901, art. ii, § 25, P. L. 19 t, providing that an antecedent or existing debt constitutes value, a promissory note given by the maker to a corporation for a part of his unpaid subscription to its capital stock is sustained by a valuable consideration.

2. It is no defence to an action upon such a note that the corporation refused to deliver the stock until the note was paid, holding it as collateral; or that the corporation had failed to comply with the directions of the act of assembly, which authorized it to allot the shares to other shareholders in the event of the non-payment of subscriptions, and if they did not take the stock, to sell it at auction after due public notice.

Rule for judgment for want of a sufficient affidavit of defence. C. P No. 5, Phila. Co., June Term, 1921, No. 1694.

*H. Felix*, for rule.

MARTIN, P. J., Oct. 11, 1921.—Suit was instituted on a promissory note executed by defendant to his own order, and endorsed by him, promising to pay $2604.38, "without defalcation, for value received," at the Citizens Bank, on May 25, 1921.

The statement of claim avers that, having executed the note, defendant endorsed it for a good and valuable consideration and handed it to the plaintiff, and thereupon became liable to pay the amount of the note upon the due date, but, although it was presented for payment at the place designated, payment was refused

An affidavit of defence was filed, admitting the execution and delivery of the note by defendant to plaintiff, but alleging that there was no consideration for the note; that defendant had subscribed for shares of stock in the plaintiff bank, and paid certain instalments upon his subscriptions, and that the note was given for the balance of subscriptions unpaid, with interest. The affidavit avers that "the said defendant being so responsible under his subscription for the payment of $3000 for said shares of stock," the stock had not been deliv-

ered to him, but the president of the bank represented that it was necessary to hold the stock as collateral for the indebtedness of the defendant on his subscription.

Defendant claims that he is not liable for the balance of his subscription, because the bank had failed to comply with the directions of the act of assembly which authorized the bank to allot the shares to other shareholders in the event of non-payment of subscriptions, and if those shareholders did not take the stock, to sell it at auction after due public notice.

A person who subscribes to the stock of a corporation becomes a stockholder as soon as the company has accepted his offer, and it is immaterial that no certificate representing the shares subscribed for has been made out or delivered to him: Keystone Wrapping Machine Co. v. Bromeier, 42 Pa. Superior Ct. 384.

Although the subscription to the stock may not have been presently payable in full, but by its terms was payable from time to time as called for by the defendant, as soon as the company was incorporated by the issuance of letters-patent the subscription becomes binding upon a subscriber; he thereby agrees to pay the par value of the shares subscribed at such time and in such amount as the directors may require: Schmitt, Rec., v. Kulamer, 267 Pa. 1, 6.

"Value is any consideration sufficient to support a simple contract. An antecedent or pre-existing debt constitutes value." (Act of May 16, 1901, art. II, § 25, P. L. 194, 199.)

When the note was executed, defendant was indebted to the bank for the balance of his subscription when demanded. He executed the note promising to pay his indebtedness at the time stated in the note. His stock was held by the bank as collateral to secure payment of the note. When it is paid the stock should be surrendered to defendant.

Rule absolute.